Smith, C. J.,
now delivered the opinion of the Court, recognizing the doctrine laid down by Mr. Briggs ; and adding that the executor of A. K. could only settle an account which A. K., if alive, could have settled; that it appears that no such account remained to be settled. A. K. was functus officio. *225 His office of administrator was at an end. Tlie settlement of Oct. 1, 1808, was a final settlement; and, as far as now appeared, the decree was, in law, a final decree. The judge of probate is not the proper forum to try the question whether the administrator, A. K., or bis representatives, have fulfilled that decree. This must be done at law, either in a suit on tlie administration bond or decree. The executor of Absolem Kingsbury, the administrator, liad nothing to do with the estate of Perrin but to perform tlie decree, and with that the judge of probate has no concern.
Decree reversed. The parties remain where they were before it ■was passed, (a) , [1]

 Action was then pending by Willard and wife to recover, as money received to plaintiff’s use, the interest for two years.
Judgment on report (for plaintiffs), October, 1808. The action was against 15. K.

 In support of these views, see Bei.l, C. J., in Hill v. McIntire, 1859, 39 N. H. 410, 413; Pebley, C. J., in Hayes v. Hayes, 1868, 48 N. H. 219, 226, 227.
In Vermont, the Probate Court cannot imprison a former administrator for non-compliance with a decree to pay over to the administrator de bonis non the balance found due on final settlement of the first administrator’s account. In re Bingham, 1859, 32 Vt. 329.
In New York, the statute provides that a surrogate’s decree for the payment of money by a guardian may be docketed, and an execution issued thereon; also that the surrogate may “enforce all lawful orders, process, and decrees of his court, by attachment.” In Seaman v. Duryea, 1854, 11 N. Y. (1 Kernan) 324, a guardian was proceeded against in the Surrogate’s Court, by attachment, for contempt in not paying over a balance according to the surrogate’s decree.